PER CURIAM.
Appellant appeals an order entered November 9, 2000, nunc pro tunc, February 25, 1999, ordering him placed in aftercare following successful completion of level 6 commitment. We reverse.
The trial court originally ordered Appellant to level 6 commitment. Although recommended by the Department of Juvenile Justice, the trial court made no oral pronouncement of aftercare and did not order aftercare in its written order. A successor judge entered an order nunc pro tunc, correcting what was perceived to be a clerical mistake in the original disposition order. The new order revised the disposition order by requiring Appellant to successfully complete aftercare as part of his commitment to the Department of Juvenile Justice.
As we recently ruled in L.S. v. Department of Juvenile Justice, 779 So.2d 633 (Fla. 1st DCA 2001), Florida Rule of Juvenile Procedure 8.135 allows for corrections of clerical errors, but does not authorize entry of orders not previously made. Id. at 634. “The written disposition order did not specify aftercare, nor did the trial judge orally pronounce that condition. This omission is not a clerical error which can be corrected by an order nunc pro tunc.” Id. at 635.
Accordingly, we reverse the November 9, 2000 order, entered nunc pro tunc February 25,1999.
REVERSED.
BOOTH, KAHN and PADOVANO, JJ., CONCUR.